NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELLFLOWER UNIFIED SCHOOL DISTRICT, <br><br>       Plaintiff-counter-defendant-Appellant, <br><br>  v. <br><br> FERNANDO LUA, individually and on behalf of minor K.L., <br><br>       Defendant-Appellee, <br><br> SANDRA LUA, individually and on behalf of minor K.L., <br><br>       Defendant-counter-claimant-Appellee. | No.   19-55912 <br><br> D.C. No. <br> 2:18-cv-00043-FMO-FFM <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted October 15, 2020
Pasadena, California

Before: MURGUIA and OWENS, Circuit Judges, and SETTLE,** District Judge.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Bellflower Unified School District ("BUSD") appeals the district court's affirmance of an Administrative Law Judge's ("ALJ") determination that BUSD violated the Individuals with Disabilities Education Act ("IDEA") by failing to make a free appropriate public education ("FAPE") available to K.L., a minor who resided in the school district. BUSD also challenges the ALJ's decision ordering reimbursement to K.L. and her parents for the cost of sending K.L. to New Harvest Christian School ("New Harvest"), a private parochial school located within another school district's geographical boundaries. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The IDEA was enacted in 1975 to "ensure that all children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A). The IDEA requires that a local educational agency ("LEA") conduct evaluations to determine whether a student is a "child with a disability," *id.* § 1414(a), and develop, in conjunction with the child's parents and teachers, an individualized education plan ("IEP") for each child with a disability, *id.* § 1414(d). A parent may bring a complaint about "any matter relating to" the child's evaluation and educational placement and is entitled to an administrative due process hearing on the complaint. *Id.* §§ 1415(b)(6), (f), (g)(2).

The district court properly affirmed the ALJ's determination that BUSD denied K.L. a FAPE. The Department of Education's regulations implementing the IDEA specifically contemplate that, upon a parent's request, a school district must evaluate a child residing in its district for purposes of making a FAPE available to her, even if she is enrolled in a private school in another district. *See* Assistance to States for the Education of Children with Disabilities and Preschool Grants for Children with Disabilities, 71 Fed. Reg. 46,540, 46,592 (Aug. 14, 2006). Even where a parent has informed the district of residence that the child has been placed at a private school outside the state, this Court has held that the district is still required to make a formal written offer of placement for a child with a disability. *See J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 460 (9th Cir. 2010). Therefore, as K.L.'s district of residence, BUSD was the LEA responsible for conducting assessments and providing special education services for K.L. *See* 71 Fed. Reg. at 46,592. Although a child's unilateral placement in a private school outside the district might trigger obligations for the "district of location," including "child find" responsibilities under 34 C.F.R. § 300.131(a), these obligations do not absolve the district of residence of its responsibilities under the IDEA. *J.W.*, 626 F.3d at 460.

Further, the district court properly affirmed the ALJ's award of reimbursement for K.L.'s private-school tuition for the 2015–2016 and 2016–2017 school years. Parents may receive reimbursement for the unilateral placement of a child in a private school if the LEA did not make a FAPE available to the child in a timely manner prior to that enrollment and the private placement is appropriate. *See* 34 C.F.R. § 300.148(c). The parent "need not show that a private placement furnishes every special service necessary to maximize their child's potential," but rather "need only demonstrate that the placement provides educational instruction specially designed to meet the unique needs of a handicapped child." *C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155, 1159 (9th Cir. 2011).

BUSD contends that it offered K.L. an IEP in 2014 and that it was not required to further update her IEP because K.L.'s parents made clear that they did not intend to re-enroll K.L. at BUSD. These arguments are not supported by the IDEA or by the record. An LEA must ensure that a child's IEP is reviewed annually and revised as appropriate. 20 U.S.C. § 1414(d)(4)(A). As the LEA responsible for offering K.L. a FAPE, BUSD violated the IDEA by refusing to convene an IEP meeting in 2015 and 2016 despite multiple requests from K.L.'s parents. K.L.'s 2014 IEP was not a permissible placeholder, as her 2014 IEP would not address her "present levels of academic achievement and functional

4

performance" as they existed in 2015 or 2016. *Id.* § 1414(d)(1)(A)(i)(I). While "the LEA where the child resides need not make FAPE available to the child" if "the parent makes clear his or her intention to keep the child enrolled in the private elementary school or secondary school located in another LEA," *see* 71 Fed. Reg. at 46,593, the record does not support BUSD's contention that K.L.'s parents expressed a clear intent to keep K.L. enrolled at New Harvest. In fact, K.L.'s parents' letters to BUSD in 2015 and 2016 indicate they were still interested in a public-school placement for K.L., and BUSD was required to provide an offer of FAPE. BUSD failed to do so.

Further, the ALJ properly determined that K.L.'s placement was appropriate because New Harvest provided K.L. with diagnostic tests upon enrollment to assess her academic proficiency and needs and provided K.L. with one-on-one tutoring assistance and extra help from her teachers. The fact that New Harvest is a parochial school does not change this analysis. K.L.'s parents were therefore entitled to reimbursement for K.L.'s private school tuition.

Finally, under California law, an ALJ may reduce or deny a reimbursement award where the parent did not give written notice to the LEA at least ten days prior to the removal of the child from public school. Cal. Educ. Code § 56176. Here, although K.L.'s parents' failed to provide ten days' notice before withdrawing K.L. from BUSD in 2014, BUSD fails to make any argument as to

5

why the ALJ was required to use her discretion to reduce the reimbursement award for K.L.'s private school tuition.  In any event, K.L.'s parents notified BUSD of K.L.'s placement at New Harvest and their intent to seek reimbursement in May 2015, and the ALJ awarded reimbursement for the 2015 and 2016 school years, well after BUSD had notice of K.L.'s withdrawal.

**AFFIRMED.**